## STATE ex TRACEY v ICENHOWER

Ohio Appeals, 2nd Dist, Fayette Co

No 230. Decided Nov 4, 1936

Pope Gregg, Washington Court House, for appellant.

A. Newton Browning, Prosecuting Attorney, Washington Court House, for appellee.

## OPINION

By THE COURT

This was an action in mandamus instituted by the appellant, who was the plaintiff below, against the defendant, appellee. To the petition the defendant interposed a general demurrer, which was sustained. The plaintiff desiring to plead no further, judgment was entered against him.

The operative facts appearing in the petition and which are admitted by the demurrer, are that one Gerald Cartwright was charged with the criminal offense of larceny in an affidavit filed in the court of the plaintiff. A warrant was issued, upon which Cartwright was arrested and brought before the plaintiff. Waiving jury trial he was tried by the court, found guilty and sentenced to be imprisoned in the county jail for a term of five days. Pursuant to said conviction and sentence the plaintiff issued a commitment out of his court, bearing the caption: "Justice of the Peace Court, Washington Township, Fayette County, Ohio," and directed to the keeper of the jail of Fayette County, Ohio, the sheriff, commanding him to receive the said Cartwright and to keep him in the jail of said county until his sentence expired. The defendant refused to receive said Cartwright under the commitment.

It further appears that in November, 1933 the plaintiff was elected Justice of the Peace in and for Union Township, Fayette County, Ohio; that the term for which he was elected was four years, beginning January 1, 1934; that upon the date of his induction into office the City of Washington was situate wholly within Union Township and that the plaintiff then and at the time of filing his petition in mandamus retained his residence and office in said city; that in 1935 a new township was created out of that portion of Union Township which was included within the limits of the City of Washington, and that the newly created township was designated Washington Township.

The petition further alleges that plaintiff has a right to exercise criminal jurisdiction until his term of office expires in 1937. The demurrer tests the sufficiency of this petition and the appellant complains of the sustaining of the demurrer and the judgment against him for two reasons: First, that by the demurrer the defendant has undertaken to question that he is a de facto officer, whereas the determination of this matter can only properly be made in a direct proceeding in quo warranto. And, second, that upon the averments of the petition it appears that the plaintiff was properly exercising jurisdiction in a criminal cause as Justice of the Peace in and for Washington Township, Fayette County, Ohio, and that a commitment resulting from a judgment and sentence in said criminal action should be recognized by the defendant.

We have been favored with the opinion of Judge Rankin of the Common Pleas Court on the question presented and are convinced that he was correct in his determination as to both propositions, and that he has capably and correctly stated the reasons therefor and cited the authorities controlling. Further discussion on our part would be a work of supererogation.

The case which the plaintiff makes is more directly referable to his right to hear and determine criminal matters as Justice of the Peace of Union Township, taking cognizance of an offense committed in Washington Township, both townships being within the county of Fayette. But the mittimus emanated from the court of the plaintiff as Justice of the Peace in and for Washington Township and upon this designation and the right to employ it and to act as such Justice of the Peace, the rights of the plaintiff must rest.

We affirm the judgment of the Common Pleas Court.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.